1  | Victor Repkin (Ca. Bar No. 188350)
1022 West Morena Blvd, Suite H
2  | San Diego, CA 92110
Telephone: (800) 520-8015
3  | Facsimile: (800) 520-8015
Email: vicrepkin@patent.org
4

FILED

2013 APR -9  PM 1:38

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

5  | *Attorney for Plaintiff*
*Michael P. Eddy*

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11 | Michael P. Eddy, an individual     ) Case No.: **'13 CV 0858 MMA JMA**
                                       )
12 |                        Plaintiff,  ) **PLAINTIFF MICHAEL P. EDDY'S**
                                       ) **COMPLAINT FOR DAMAGES AND:**
13 | vs.                               )     **(1) DECLARATORY RELIEF;**
                                       )     **(2) COMMON LAW UNFAIR COMPETITION;**
14 |                                    )        **and**
                                       )     **(3) UNFAIR COMPETITION UNDER CAL.**
15 | Citizenhawk, Inc., a California    )        **BUS. & PROF. CODE SEC. 17200;**
     corporation, Intelius, Inc., a    )
16 | Delaware corporation, Brown Shoe   )
     Company, Inc. a New York Corporation, )
17 | and John Does 1-100,               ) **DEMAND FOR JURY TRIAL.**
                                       )
18 |                        Defendants. )
                                       )
19 |_____)

20                              **COMPLAINT**

21                          **I. INTRODUCTION**

22        1.    This is an action by Michael P. Eddy (hereinafter "Plaintiff," or

23 | "Eddy"), seeking declaratory judgment against Defendant Intelius, Inc.

24 | ("Intelius" or "Defendant Intelius") and Defendant Citizenhawk, Inc.

25 | ("Citizenhawk" or "Defendant Citizenhawk") representing Defendant Intelius

26 | that Plaintiff's registration and use of the domain name

27 | <USSearchReports.com> (hereinafter "USSearchReports.com") which is currently

28 | used in conjunction with a website offering patent and trademark searching

                                  - 1 -

                                 COMPLAINT

1  and reporting services. Plaintiff is also seeking declaratory judgment

2  against Defendant Brown Shoe Company, Inc. ("Brown Shoe" or "Defendant Brown

3  Shoe") and Defendant Citizenhawk that Plaintiff's registration and use of the

4  domain name naturalizes.com (hereinafter "naturalizes.com") which is

5  currently used in conjunction with a website offering information about

6  natural foods does not constitute trademark infringement, unfair competition,

7  or a violation of the Anti-cybersquatting Consumer Protection Act ("ACPA") as

8  alleged by Defendant Citizenhawk representing Defendant Brown Shoe, and that

9  Plaintiff is the rightful registered name holder and registrant of

10  naturalizes.com. This action also seeks relief for Defendants bad faith

11  actions constituting civil conspiracy, common law unfair competition and

12  unfair competition under California Business & Professions Code Sec. 17200,

13  et seq.

### II. Jurisdiction and Venue

16      2.     Pursuant to 28 U.S.C. §§ 2201(a) and 2202, Plaintiff seeks a

17  declaration and judgment regarding its rights and obligations in an actual

18  controversy within this Court's jurisdiction concerning Plaintiff's rights in

19  and to the domain names USSearchReports.com and naturalizes.com. Subject

20  matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving

21  this Court original jurisdiction in a civil action raising a federal question

22  under 28 U.S.C. § 1338(a), the Lanham Act, 15 U.S.C. § 1051, et seq., and the

23  ACPA, 15 U.S.C. § 1125(d), giving this Court original and exclusive

24  jurisdiction in a civil action arising under the trademark and cybersquatting

25  laws of the United States.

26      3.     This Court has supplemental jurisdiction over Plaintiff's state

27  and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because

28

- 2 -

COMPLAINT

1  they form part of the same case and controversy and derive from a common

2  nucleus of operative facts.

3      4.    This Court has general and specific personal jurisdiction over

4  Defendant Intelius because Defendant Intelius has substantial contacts within

5  the State of California, regularly conducts business in the State of

6  California, has purposefully directed its commercial activities at residents

7  of California, has taken willful and directed action against Plaintiff, has

8  caused damage to Plaintiff in California, and more than one claims herein

9  arise out of Intelius' forum related activities.

10     5.    This Court also has general and specific personal jurisdiction

11 over Defendant Intelius as Defendant Citizenhawk representing Defendant

12 Intelius has alleged and threatened to file a Uniform Dispute Resolution

13 Proceeding ("UDRP") action against Plaintiff and all such proceedings require

14 Complainants under the domain name governing body ICANN domain name dispute

15 rules to consent to the jurisdiction of the registrant or the jurisdiction of

16 the registrar. In the instant matter, Complainant Defendant Intelius is

17 required to consent to the resident of the registrant or the location of the

18 registrar for the domain name USsearchreports.com. The registrant and the

19 domain name registrar, Tierra.net, are each located within the county of San

20 Diego, California, which is within this district, so Defendant Intelius must

21 consent to the jurisdiction of this district in order to carry out its

22 threats.

23     6.    This Court has general and specific personal jurisdiction over

24 Defendant Brown Shoe as Brown Shoe has substantial contacts within the State

25 of California, regularly conducts business in the State of California, has

26 purposefully directed its commercial activities at residents of California,

27 has taken willful action against Plaintiff causing damage to Plaintiff in

28

- 3 -

COMPLAINT

1  California, and more than one claims herein arise out of Brown Shoe's forum

2  related activities.

3      7.    This Court also has general and specific personal jurisdiction

4  over Defendant Brown Shoe as Defendant Citizenhawk representing Defendant

5  Brown Shoe has alleged and threatened to file a Uniform Dispute Resolution

6  Proceeding ("UDRP") action against Plaintiff and all such UDRP proceedings

7  require Complainants under the domain name governing body ICANN domain name

8  dispute rules to consent to the jurisdiction of the registrant or the

9  jurisdiction of the registrar. In the instant matter, the Complainant

10 Defendant Brown Shoe is required to consent to the resident of the registrant

11 or the location of the registrar for the domain name naturalizers.com. The

12 registrant and the domain name registrar, Tierra.net, are each located within

13 the county of San Diego, California, which is within this district, thus

14 Defendant Brown Shoe must consent to the jurisdiction of this district in

15 order to carry out its threats.

16     8.    This Court has general and specific personal jurisdiction over

17 Defendant Citizenhawk as Citizenhawk is based in Santa Ana, California,

18 regularly conducts business in the State of California by sending demand

19 letters and filing arbitration legal proceedings against third parties from

20 Santa Ana, California, has purposefully directed its commercial activities at

21 residents of California, has taken willful action against Plaintiff causing

22 damage to Plaintiff in California, and more than one claims herein arise out

23 of Citizenhawk's forum related activities.

24     9.    Defendant Citizenhawk has also purposefully availed itself to

25 this forum by representing Defendants Intelius and Defendant Brown Shoe and

26 sending demand letters threatening the filing of multiple Uniform Domain Name

27 Dispute Resolution Policy ("UDRP") arbitration complaints against Plaintiff,

28

- 4 -

COMPLAINT

1  which could result in the transfer of one or both of the USSearchReports.com

2  and naturalizes.com domain names to Defendants.

3      10.   This Court has general and specific personal jurisdiction over

4  Defendant Intelius and Defendant Brown Shoe as Defendant Citizenhawk,

5  representing each of these Defendants, threatened Uniform Dispute Resolution

6  Proceeding ("UDRP") actions in which Complainants are required under the

7  rules of the ICANN arbitration rules to consent to the jurisdiction of the

8  registrant or the jurisdiction of the registrar. The registrant and the

9  registrar for both domain names USsearchreports.com and naturalizes.com are

10 based in the forum county of San Diego, California.

11     11.   Venue is proper in this judicial district pursuant to Title 28

12 U.S.C. Section 1391(b)(2) because a substantial part of the events giving

13 rise to these claims occurred in this district.  Venue is also proper in this

14 judicial district pursuant to Title 28 U.S.C. Section 1391(b)(2) because each

15 of the domain names (USSearchReports.com and Naturalizes.com) which are the

16 subject of this Complaint, are property registered at Tierra.net, a registrar

17 located in San Diego which is within this district, and that as discussed

18 below, Defendants conspired to and did make knowing and material

19 misrepresentations directed at Plaintiff, a resident of this district, in

20 order to threaten and harass Plaintiff into turning over his valuable

21 property.

22     THE PARTIES

23     12.   Plaintiff is an individual residing in Del Mar, California doing

24 business as a licensed patent and trademark attorney.

25     13.   Plaintiff is the registrant of the domain names

26 USSearchReports.com and naturalizes.com and uses each in conjunction with a

27 website offering services / and or information related to the descriptive

28 meanings of the words in each of the domain names.

- 5 -

COMPLAINT

14.   Upon information and belief, Defendant Intelius is a Delaware corporation with its principal place of business in Bellevue, Washington.

15.   Upon information and belief, Defendant Brown Shoe Company, Inc. is a New York corporation with its principal place of business in St. Louis, Missouri.

16.   Upon information and belief, "Citizenhawk, Inc." is a California corporation formed in 2005 with a principal place in Aliso Viejo, California.

17.   On information and belief, each John Doe Defendant has acted in concert with Defendant Intelius, Defendant Brown Shoe and / or Defendant Citizenhawk in respect to some or all of the unlawful conduct alleged in this Complaint.

STATEMENT OF FACTS

18.   Domain Names are Internet Protocol addresses that point and direct Internet users to their desired destination. Owners of domain names possess valuable rights in domain names registered to them. Domain name development and the related website and app development areas are legitimate and important multi-billion dollar industry.

19.   Over the past decade, overreaching trademark owners have sought to capitalize on this thriving market by using weak marks and generic terms registered as marks for their dictionary meanings to take advantage of the domain name dispute arbitration administrative system set up by ICANN (the California corporation that administers the Domain Name System ("DNS")), by filing arbitration legal proceedings to take valuable descriptive, generic, geographic, keyword and/or dictionary domain names away from their rightful owners. These abusive filings under ICANN's Uniform Dispute Resolution Policy ("UDRP") are increasing as they continue to threaten existing and future development of domain name and related Internet innovation.

- 6 -

COMPLAINT

1       20.   Ownership rights in domains have also been so weakened that

2  domain names can be transferred away from their rightful owners on the basis

3  of a vague, poorly defined "bad faith" standard as an ever growing number of

4  UDRP providers cater to trademark holders who are looking for like-minded

5  panelists to order the transfer of domain names that trademark holders wish

6  to seize from the current domain registrants. There are an increasing number

7  of attempts to steal domain names through abusive UDRP filings which are

8  known as Reverse Domain Name Hijacking attempts, frequently occurring when

9  Complainants use auto-generated ads placed on a domain name's parked pages by

10  an advertising partners to show that there is bad faith use of the domain

11  name. This gaming of the UDRP system has resulted in the loss of valuable

12  property rights with no associated penalty provisions against trademark

13  holders for this intentional abuse of the UDRP process.

14       21. In the instant matter, Defendant Citizenhawk, representing

15  Defendant Intelius, sent a first demand letter via email to Plaintiff on

16  March 27, 2013 with the subject line "Infringement of Intelius Inc., Case

17  Number: 5696" stating "This trademark infringement notice has been sent to

18  you by CitizenHawk, the leading provider of digital brand management

19  solutions, on behalf of Intelius Inc. ("Intelius"), for which we are acting

20  as authorized agent." Defendant CitizenHawk went on to state "[p]lease be

21  advised that Intelius is the registered owner of numerous trademarks,

22  including, but not limited to, U.S. Reg. No. 3,096,294 for the mark Intelius,

23  U.S. Registration No. 2988429 for the trademark "US SEARCH.COM" (the

24  "MarkS"). Intelius has been using the Marks continuously since January of

25  1998 by supplying consumers with web-enabled people search, identity

26  verification and background screening, providing information services to

27  consumers and enterprises. It has come to our attention that you have

28  registered the following domain name(s): ussearchreports.com It is apparent

- 7 -

COMPLAINT

1   that you are trying to capitalize on Intelius' rights in the Marks, including

2   but not limited to, intelius.com or ussearch.com by using a confusingly

3   similar domain name(s) to divert traffic to your site. Your registration and

4   use of a confusingly similar domain name(s) constitutes trading off the

5   goodwill of Intelius' Marks and infringes on Intelius' rights because of the

6   likelihood of confusion, mistake or deception among the public, who will

7   believe that your services and/or goods are affiliated with, or endorsed by

8   Intelius when, in fact, they are not. We believe that your registration and

9   use of the confusingly similar domain name is specifically banned by existing

10  federal and state statutes, including the AntiCybersquatting Consumer

11  Protection Act (ACPA), which also provides for statutory damages of up to

12  $100,000.00 per infringing domain. On behalf of Intelius, we hereby demand

13  that you immediately discontinue use of the domain name(s) and that you

14  assign the domain name registration(s) to Intelius."

15       Defendant Citizenhawk's first demand letter is attached to this

16  Complaint as Exhibit A and incorporated into the Complaint as if fully set

17  forth herein.

18       22.   Plaintiff registered the USsearchreports.com domain name in good

19  faith on October 29, 2009. Plaintiff has a legitimate interest in the domain

20  name USSearchReports.com because he is and has been using this domain name

21  without any of the bad faith alleged by Defendants.

22       23.   The term "US Search Reports" is a group of common English words

23  with obvious inherent, valuable meaning as a descriptive term for almost any

24  business providing search reports from searches done on United States data

25  available.   In fact, the group of terms is so descriptive of these services

26  that it is generic for those services and thus may never claimed under US or

27  any foreign law as an exclusive trademark for "searching" or "reporting"

28  services nor can it be protected for any service related to searching

1   services or reporting services. There are some 10,920 active USPTO trademark

2   records for "US" and "Search" related marks in various industries, including

3   Defendant's trademark registrations for USSearch.com issued in 2001.

4       24.   After registering the USSearchReports.com domain name, Plaintiff

5   made preparations to use and has used the domain name in a descriptive manner

6   to describe his patent, trademark and other search services that he has

7   provided to his clients as an attorney licensed by both the California Bar

8   and the U.S. Patent and Trademark Office.

9       25.   Plaintiff did not register the USSearchReports.com domain name

10   with the intent to sell it to Defendant Intelius nor did Plaintiff register

11   or use the domain name to disrupt the business of Defendant Intelius.

12   Plaintiff also did not register the Domain Name to confuse consumers trying

13   to find the Defendant Intelius' website.

14       26.   The term USSearch.com as used by Defendant Intelius in its

15   generic sense in relation to its US based searching services is also used by

16   many hundreds if not thousands of service providers online and offline to

17   describe their United States searching and searching related services.

18       27.   Plaintiff received this first demand from Defendant Citizenhawk

19   within weeks of Plaintiff's family member disclosing to Defendant

20   Citizenhawk's counsel that Defendant Citizenhawk and its individual members

21   and investors had been reported to law enforcement for multiple instances of

22   wire fraud and within days of a Plaintiff's family member submitting a

23   Federal Rule 26(a) disclosure detailing knowledge of more than one instance

24   what Plaintiff believes to be wire fraud.

25       28.   On April 3, 2013, Defendant Citizenhawk, representing Defendant

26   Brown Shoe, sent another demand letter via email to Plaintiff with the

27   subject line "Infringement of Brown Shoe Company, Inc., Case Number: 5802"

28   stating "This trademark infringement notice has been sent to you by

- 9 -

COMPLAINT

1  CitizenHawk, the leading provider of digital brand management solutions. This
2  notice is sent on behalf of Brown Shoe Company, Inc. ("Brown Shoe"), for
3  which we are acting as authorized agent." Defendant Citizenhawk went on to
4  state "[p] lease be advised that Brown Shoe is the registered owner of
5  numerous trademarks, including, but not limited to, Reg. No. 1,987,055 for
6  the mark NATURALIZER (the "Mark") and FAMOUS FOOTWEAR. Brown Shoe has been
7  using the Mark continuously since 1954 and employs the Mark for retail shoe
8  store services. It has come to our attention that you have registered the
9  following domain name(s): naturalizes.com It is apparent that you are trying
10 to capitalize on Brown Shoe's rights in the Mark, including but not limited
11 to, naturalizer.com or famousfootware.com by using a confusingly similar
12 domain name(s) to divert traffic to your site. Your registration and use of a
13 confusingly similar domain name(s) infringes on Brown Shoe Co. rights because
14 of the likelihood of confusion, mistake or deception among the public, who
15 will believe that your services and/or goods are affiliated with, or endorsed
16 by Brown Shoe Co. when, in fact, they are not. We believe that your
17 registration and use of the confusingly similar domain name(s) is
18 specifically banned by existing federal and state statutes, including the
19 Anti Cybersquatting Consumer Protection Act (ACPA), which also provides for
20 statutory damages of up to $100,000.00 per infringing domain. On behalf of
21 Brown Shoe Co., we hereby demand that you immediately discontinue use of the
22 domain name(s) and that you assign the domain name registration(s) to Brown
23 Shoe Co. Please respond with an affirmative response to this email by April
24 09, 2013. The CitizenHawk domain recovery team, as agent for Brown Shoe Co.,
25 will then work with you to help facilitate the domain transfer process. Brown
26 Shoe Co. considers this a serious matter and is prepared to take all
27 appropriate legal action to protect its intellectual property rights."
28 Defendant Citizenhawk's second demand letter, signed by "Joy" as well as

- 10 -

COMPLAINT

1    "Citizenhawk Domain Recovery," is attached to this Complaint as Exhibit B and

2    incorporated into the Complaint as if fully set forth herein.

3          29.    Plaintiff received this second demand from Defendant Citizenhawk

4    within weeks of Plaintiff's family member disclosing to Defendant

5    Citizenhawk's counsel that Defendant Citizenhawk and its individual members

6    and investors including Citizenhawk member "Joy" had been reported to law

7    enforcement for multiple instances of wire fraud. This second demand was sent

8    within ten days of Plaintiff's family member submitting a Federal Rule 26(a)

9    disclosure detailing knowledge of more than one instance occurring within the

10   last year which Plaintiff believes to be wire fraud committed specifically by

11   Defendant Citizenhawk member "Joy".

12         30.    Plaintiff EDDY registered the naturalizes.com domain name in good

13   faith on October 14, 2010.

14         31.    The generic term "naturalize" is a common English word with a

15   number of obvious inherent, valuable meaning as a descriptive term for a

16   number of dictionary definitions. Dictionary definitions of the term

17   naturalize and its verb form naturalizes include:

18                    a. To grant full citizenship to (one of foreign birth);

19                    b. To adopt (something foreign) into general use;

20                    c. To adapt or acclimate (a plant or animal) to a new

21   environment; introduce and establish as if native;

22                    d. To cause to conform to nature;

23                    e. To make natural or more lifelike; and

24                    f. To explain (something unusual) with reference to nature,

25   excluding the supernatural.

26         32.    The term "naturalize" and its verb form naturalizes are also

27   common English words with obvious inherent, valuable meaning as a descriptive

28   terms for almost any business providing products or services related to its

- 11 -

COMPLAINT

1   descriptive and generic meanings for which it would be so descriptive that

2   the term would be considered generic for those services and products and

3   could never be claimed under US or any foreign law as an exclusive trademark

4   for these products or services.

5        33.   After registering the naturalizes.com domain name, Plaintiff made

6   preparations to use and has used the domain name in a descriptive manner in

7   conjunction with a natural foods website.

8        34.   Plaintiff did not register the naturalizes.com domain name with

9   the intent to sell it to Defendant Brown Shoe nor did Plaintiff register or

10  use the domain name to disrupt the business of Defendant Brown Shoe.

11  Plaintiff also did not register the naturalizes.com domain name to confuse

12  consumers trying to find the Defendant Brown Shoe's website.

13       35.   The term "Naturalizer" is used by Defendant Brown Shoe with

14  retail shoe store services as well as other consumer footwear related

15  products and services and has never used the term "Naturalizer" with an

16  informational site related to natural foods.

17       36.   The registration and use of the naturalizes.com and

18  USSearchReports.com domain names comprised of generic, geographic,

19  descriptive, keyword and/or dictionary terms is widely recognized as a good

20  faith use.

21       37.   Before Plaintiff registered the USsearchreports.com and

22  naturalizes.com domain names, plaintiff relied on the fact that generic terms

23  are never allowed to be used as trademarks for their related dictionary and

24  commonly known meanings no matter how much trademark registrants may assert

25  the opposite position.

26       38.   Before Plaintiff registered the Domain Name, Plaintiff also

27  relied on USPTO EXAMINATION GUIDE NO. 2-99 dated September 29, 1999 entitled

28  "MARKS COMPOSED, IN WHOLE OR IN PART, OF DOMAIN NAMES" which states that "[a]

- 12 -

COMPLAINT

domain name is part of a Uniform Resource Locator (URL), which is the address of a site or document on the Internet. In general, a domain name is comprised of a second-level domain, a "dot," and a top-level domain (TLD). The wording to the left of the "dot" is the second-level domain, and the wording to the right of the "dot" is the TLD. Example: If the domain name is "XYZ.COM," the term "XYZ" is a second-level domain and the term "COM" is a TLD. A domain name is usually preceded in a URL by "http://www." The "http://" refers to the protocol used to transfer information, and the "www" refers to World Wide Web, a graphical hypermedia interface for viewing and exchanging information. There are two types of TLDs: generic and country code." It also states that "[g]eneric TLDs are designated for use by the public. Each generic TLD is intended for use by a certain type of organization. For example, the TLD ".com" is for use by commercial, for profit organizations," and that under Section V. Generic Refusals, "[i]f a mark is composed of a generic term(s) for applicant's goods or services and a TLD, the examining attorney must refuse registration on the ground that the mark is generic and the TLD has no trademark significance." It also states that "[m]arks comprised of generic terms combined with TLDs are not eligible for registration on the Supplemental Register, or on the Principal Register under Trademark Act §2(f), 15 U.S.C. §1052(f)" and that "[t]his applies to trademarks, service marks, collective marks and certification marks." It cites as an example "BANK.COM for banking services is unregistrable on either the Principal or Supplemental Register."

39.     Upon information and belief, Defendant Citizenhawk is a corporation that acts as a legal representative in the field of brand enforcement by sending large numbers of cease and desist communications via the internet to domain name registrants, has represented its clients in almost five hundred arbitration legal proceedings at the National Arbitration

- 13 -

COMPLAINT

1  Forum against domain name registrants worldwide which have affected property

2  rights in over ten thousand domain names, and has held or currently holds

3  thousands of domain names in escrow on behalf of its clients.

4      40.   Upon information and belief, Defendant Citizenhawk, a California

5  Corporation based in Aliso Viejo, Orange County, California, has not been nor

6  is currently a law firm registered by the State of California to practice law

7  in the State of California or elsewhere.

8      41.   Upon information and belief, Defendant Citizenhawk internally

9  employs no licensed attorneys, active members of the California bar or active

10 members of any other State bar.

11     42.   Upon information and belief, the individual members, investors

12 and entities used as investment vehicles for said investors of Defendant

13 Citizenhawk are not members of the California bar or any other State bar and

14 are not licensed to send legal demands worldwide on behalf of individuals and

15 / or third party entities alleging violations of federal law.

16     43.   Upon information and belief, each of the demands sent by

17 Defendant Citizenhawk via the internet were generated by a Citizenhawk member

18 or were instructed to be auto generated by a member of Defendant Citizenhawk

19 with full knowledge and consent of each party being represented by Defendant

20 Citizenhawk.

21     44.   Upon information and belief, each of the UDRP legal complaints

22 filed by Defendant Citizenhawk were generated by a Citizenhawk member or were

23 instructed to be auto generated by a member of Defendant Citizenhawk with

24 full knowledge and consent of each party being represented by Defendant

25 Citizenhawk.

26     45. The ownership of a domain name is a property right. Upon

27 information and belief, Defendant Citizenhawk, a California Corporation based

28 in Aliso Viejo, Orange County, California, has not been nor is currently

- 14 -

COMPLAINT

1   licensed as an escrow agent by the State of California to hold property

2   including property rights in escrow in the State of California or elsewhere.

3       46.   Upon information and belief, Defendant Citizenhawk asserts

4   standing and continues to:

5        (a) send out cease and desist communications on behalf of third party

6   entities;

7        (b) demand transfers of property rights in domain names owned by third

8   parties;

9        (c) initiate and prosecute arbitration legal proceedings on behalf of

10   third parties to take property rights away from third party registrants; and

11        (d) hold property rights in domain names in escrow on behalf of third

12   party entities and individuals by obtaining power of attorney authorizations

13   from legal counsel of its third party clients as proof of authorization of

14   representation.

15       47.   Upon information and belief, Defendant Citizenhawk uses auto-

16   generated and / or self-generated evidence derived from websites associated

17   with domain names to show evidence of bad faith use in UDRP proceedings.

18       48.   Upon information and belief, on more than one occasion within the

19   past 12 months, Defendant Citizenhawk filed more than one UDRP proceeding on

20   behalf of its third party clients and included with its filings evidence

21   which included advertisements as proof of third party bad faith without

22   disclosing to the UDRP panels that one or more of those advertisements were

23   placed on the evidence by Defendant Citizenhawk, Defendant Citizenhawk's

24   agents, Defendant Citizenhawk's clients or the agents of their clients.

25       49.   Upon information and belief, after sending cease and desist

26   letters demanding the transfer of property rights in thousands of domain

27   names and filing hundreds of UDRP complaints, Defendant Citizenhawk has

28   received custody and control of property rights in thousands of domain names

COMPLAINT

1  in the course of its wrongful activities on behalf of its third party clients
2  and a large portion of this property is currently held in escrow on behalf of
3  its third party clients.

4      50.   Upon information and belief, Defendant Citizenhawk profits from
5  its wrongful conduct by using the property rights escrowed on behalf of third
6  parties to diverting internet traffic directed to those domain names for its
7  own financial benefit.

8      51.   Defendants' unlicensed activities including the unlicensed
9  practice of law and the unlicensed escrowing of property gained in the course
10 of their unlawful conduct and wrongful actions, misrepresentations and
11 baseless accusations of infringement have created a cloud on Plaintiff's
12 title to each of the domain names ussearchreports.com and naturalizes.com.

13     **Defendants' Activities that Create a Claim for Unfair Competition**

14     52.   Plaintiff realleges all of the foregoing paragraphs of this
15 Complaint.

16     53.   Defendants' activities towards Plaintiff constitute unfair
17 competition under common law and pursuant to Cal. Bus. & Prof. Code § 17200,
18 et seq. as Defendant's activities are unlawful, unfair and fraudulent; they
19 constitute multiple illegitimate attempts to obtain property rights in
20 Plaintiff's domain names without just compensation, and they constitute
21 multiple, illegitimate attempts to enforce trademark rights far beyond any
22 reasonable interpretation of the same.

23     54.   These activities are unlawful, unfair and fraudulent insofar as
24 third parties may believe Defendants' assertions, and Plaintiff's reputation
25 and business is likely to suffer accordingly.

26     55.   Moreover, these activities cast a legal cloud on Plaintiff's
27 title to its valuable domain name property rendering each of the domain name
28 properties more difficult if not impossible to use or dispose of for their

1  full market value and thus effectively disabling such property and causing

2  continuing economic harm to Plaintiff.

3      56.   Plaintiff reasonably believes that the registration and use of

4  the domain names naturalizers.com and USsearchreports.com is lawful under the

5  Lanham Act.

6      **COUNT I: CLAIM FOR DECLARATORY RELIEF**

7      57.   Plaintiff realleges all the foregoing paragraphs of this

8  Complaint.

9      58.   In registering the domain names, Plaintiff had a legitimate

10  interest in the inherent, generic value of USSearchReports.com and

11  naturalizes.com and he has used these domain names consistently with such

12  purposes.

13      59.   Plaintiff rightfully registered and has used the domain name

14  USSearchReports.com in good faith, and with neither knowledge of Defendant

15  Intelius' claimed exclusive rights in the generic term USSEARCH.COM for

16  searching and reporting services, terms which are described in the dictionary

17  for those same services and for which could never distinguish the source of

18  searching or reporting services from those of another third party, nor did

19  Plaintiff intend to sell the USSearchReports.com domain name specifically to

20  Defendant Intelius. Further, Plaintiff has and had no intention of diverting

21  any traffic from Defendant Intelius' website and avers that there is no

22  evidence that such has occurred.

23      60.   USSearchreports.com is composed of a group of common, generic

24  terms when used with US based search reports. Defendant Intelius' asserted

25  rights in the USSearch.com mark are not exclusive for such searches on US or

26  United States data and Defendant Intelius cannot have the exclusive right to

27  the use this group of common descriptive words for those services which are

28

1   descriptive and generic of those words nor can Defendant Intelius claim

2   rights in those common words for any related services or products.

3       61.   Plaintiff believed and had reasonable grounds to believe, based

4   on the market for generic domain names, as well as prior legal decisions and

5   decisions under the UDRP and the ACPA (and their predecessor case law, to the

6   extent any existed in 1995), that the registration and use of the

7   USsearchreports.com domain name as a group of words used with its related in

8   connection with non-infringing uses including providing US patent and

9   trademark search reports and other related business endeavors was and is

10  currently lawful.

11      62.   Plaintiff rightfully registered and has used the domain name

12  naturalizes.com in good faith, and with neither knowledge of Defendant Brown

13  Shoe's claimed exclusive rights in the term for footwear related products,

14  nor did Plaintiff intend to sell the naturalizes.com domain name specifically

15  to Defendant Brown Shoe. Further, Plaintiff has and had no intention of

16  diverting any traffic from Defendant Brown Shoe's s website and avers that

17  there is no evidence that such has occurred.

18      63.   The domain name Naturalizes.com is composed of a single generic

19  dictionary term, "naturalizes" when used with a variety of products and / or

20  services and Defendant Brown Shoe's asserted rights in the "naturalizer"

21  family of word mark registrations do not give Defendant Brown the exclusive

22  right to all words similar to this term for all uses related to the

23  dictionary meaning of that same term.

24      64.   Plaintiff believed and had reasonable grounds to believe, based

25  on the market for generic domain names, as well as prior legal decisions and

26  decisions under the UDRP and the ACPA (and their predecessor case law, to the

27  extent any existed in 1995), that the registration and use of the

28  naturalizes.com domain name as a generic word used in connection with non-

1  infringing uses including informational and business website endeavors was

2  and is currently lawful.

3      65.  Defendant Citizenhawk unlawfully transmitted each demand via

4  email as legal representatives of Defendant Intelius and Defendant Brown Shoe

5  with full approval and authority in order to deprive Plaintiff of his

6  property including statements that were and are unlawful under the laws of

7  the State of California where Plaintiff resides, where the property is

8  registered and where Defendant Citizenhawk and its members and individual

9  investors are domiciled as well as in the State of Minnesota where Defendant

10 Citizenhawk has filed hundreds of prior UDRP legal proceedings on behalf of

11 its third party clients.

12     66.  A justifiable controversy exists between Plaintiff and

13 Defendants.

14     67.  To resolve this actual controversy, Plaintiff seeks a declaration

15 and judgment that its registration and use of each of the domain names,

16 USSearchReports.com and naturalizes.com, is with the legitimate interest of

17 exploiting its inherent value as a generic term, and/or combination of

18 generic terms, and is consistent with documented legitimate business efforts,

19 and as such, constitutes good faith use. Plaintiff seeks to remove the legal

20 cloud over title to Plaintiff's valuable property, which has been created by

21 Defendants' actions.

22

23

24     **COUNT II: CLAIM FOR COMMON LAW UNFAIR COMPETITION**

25     68.  Plaintiff realleges all the foregoing paragraphs of this

26 Complaint.

27     69.  Defendant Citizenhawk has transmitted multiple demands to

28 Plaintiff within the last two weeks in order to force Plaintiff to turn over

- 19 -

COMPLAINT

1  his valuable property threatening legal action for violation of federal laws

2  and threatening to use the biased UDRP forums to unlawfully take Plaintiff's

3  property. Defendant Citizenhawk has also unlawfully transmitted these demands

4  on behalf of their third party clients contending that Plaintiff used the

5  Domain Name in violation of anti-cybersquatting, trademark and unfair

6  competition laws.

7       70.   Defendants' wrongful actions, misrepresentations and baseless

8  accusations of infringement have created a cloud on Plaintiff's title to each

9  of the domain names USSearchReports.com and naturalizes.com.

10      71.   As a result of Defendant's past and continued wrongful acts,

11  Plaintiff has incurred damages in an amount to be proved at trial, including

12  compensation for Plaintiff's time, effort, attorneys' fees, and other

13  significant expenses in defending against Defendant's baseless claims.

14      72.   WHEREFORE, Plaintiff demands judgment against Defendants as set

15  forth in the Prayer for Relief.

16      **COUNT III: CLAIM FOR UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE**

17  **SEC. 17200**

18      73.   Plaintiff realleges all the foregoing paragraphs of this

19  Complaint.

20      74.   This Court has original jurisdiction over this pendent claim

21  pursuant to 28 U.S.C. § 1338(b) and supplemental jurisdiction pursuant to 28

22  U.S.C. § 1367.

23      75.   Defendants' wrongful acts, as described in this Complaint, are

24  unlawful, unfair and fraudulent, and cause damage to Plaintiff and injure its

25  business, in violation of section 17200 of the California Business and

26  Professions Code.

27      76.   As a result of Defendant's past and continued wrongful acts

28  described herein, Plaintiff has incurred damages in an amount to be proved at

- 20 -

COMPLAINT

1   trial, including compensation for Plaintiff's time, effort, attorneys' fees,

2   and other expenses in defending against Defendant's baseless claims.

3        77.   WHEREFORE, Plaintiff demands judgment against Defendants as set

4   forth in the Prayer for Relief.

5       **PRAYER FOR RELIEF**

6       WHEREFORE, Plaintiff prays for judgment as follows:

7       1.   A preliminary injunction and permanent injunction enjoining and

8   restraining all Defendants, their employees, individual investors and their

9   investment entities, representatives, agents, and all persons or entities

10   acting in concert with them during the pendency of this action and thereafter

11   perpetually from:

12       (a) transmitting any demands asserting infringement claims on behalf of

13          third parties;

14       (b) initiating or continuing any legal proceedings on behalf of third

15          party including arbitration legal proceedings;

16       (c) placing or maintaining any property including property rights in

17          escrow on behalf of any third party;

18       (d) making any change to title including registry or registrar

19          information as show on the domain name "whois" information in

20          property rights held by third parties;

21       2.   An order appointing a receiver to take immediate custody of all

22       currently escrowed property, all gross revenues derived from such

23       currently held or past escrowed property, and all title and revenue

24       records associated with such property now held or previously held on

25       behalf of third parties; and

26       3.   A declaration that Plaintiff:

27       (a) has not infringed and is not infringing the trademark rights of

28   Defendant Intelius;

(b)  has not infringed and is not infringing the trademark rights of

Defendant Brown Shoe;

(c)  has not violated and is not violating unfair competition law;

(d)  has not violated and is not violating the ACPA for Plaintiff's

registration and use of the domain names USSearchReports.com and

naturalizes.com;

(e)  has registered and has used the domain names USSearchReports.com

and naturalizes.com in good faith and Plaintiff is the rightful

registrant of these domain names and has free and clear marketable

title to each of the domain names USSearchReports.com and

naturalizes.com;

4.  An award of costs and fees to Plaintiff under 15 U .S.C.

1114(2)(D)(IV);

5.  a finding awarding Plaintiff monetary compensation for damages

sustained by Defendants' wrongful actions as alleged in this

Complaint;

6.  a finding for costs, attorney fees and expenses pursuant to Section

35(a) of the Lanham Act and 15 U.S.C. §1117(a); and

7.  such other and further relief as the Court may deem just and

proper.

Dated: 08 April 2013              By: *Victor Repkin*

Victor Repkin (SBN 188350)
Email: vicrepkin@patent.org

Attorney for Plaintiff
Michael P. Eddy

- 22 -

COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests that all issues in this case so triable by a jury be decided by a jury.


Dated: 08 April 2013          By:   *Victor Repkin*
                                    _____

                                    Victor Repkin (SBN 188350)
                                    Email: vicrepkin@patent.org


                                    Attorney for Plaintiff
                                    Michael P. Eddy

- 23 -

COMPLAINT