# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL P. EDDY, an individual, | CASE NO. 13-cv-00858-MMA (JMA) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| CITIZENHAWK, INC., a California corporation, INTELIUS, INC., a Delaware corporation, BROWN SHOE COMPANY, INC., a New York Corporation, and JOHN DOES 1-100, | [Doc. No. 35] |
| Defendants. | |

On April 9, 2013, Plaintiff Michael P. Eddy, an individual residing in Del Mar, California, doing business as a licensed patent and trademark attorney, filed a complaint against Defendants Citizenhawk, Inc., Intelius, Inc., and Brown Shoe Company, Inc. seeking declaratory relief and damages for unfair competition under common law and California Business & Professions Code section 17200. *See* Doc. No. 1.[1]  Defendant Brown Shoe Company, Inc. now moves for summary judgment as to all claims alleged in Plaintiff's complaint. *See* Doc. No. 1. Plaintiff opposes the motion. *See* Doc. No. 71. For the reasons set forth below, the Court **GRANTS** Defendant's motion for summary judgment.

---

[1] On August 26, 2013, the parties filed a joint motion to dismiss Defendant Citizenhawk, Inc., which this Court granted with prejudice. *See* Doc. No. 31. Plaintiff voluntarily dismissed Intelius, Inc. on September 21, 2013. *See* Doc. No. 36.

## I. BACKGROUND

This action arises out of a cease and desist letter sent by Citizenhawk, Inc. ("Citizenhawk") to Michael P. Eddy ("Plaintiff"), on April 2, 2013, with respect to Plaintiff's registered domain name "www.naturalizes.com." *See* Doc. No. 1. Citizenhawk, an online brand protection company, sends letters on behalf of its clients in its sole discretion, to domain names that Citizenhawk determines to be confusingly similar to the registered trademark or domain names of its clients. Brown Shoe Company, Inc. ("Brown Shoe") is one of Citizenhawk's clients, and is a global footwear company that offers products including NATURALIZER® and DR. SCHOLL'S SHOES®, offered for purchase both in retail stores and online.

Brown Shoe operates a website at the domain name "www.naturalizer.com," through which footwear, handbags and other related products are offered for sale. On April, 2, 2013, Citizenhawk sent a letter on behalf of Brown Shoe, requesting Plaintiff to cease and desist operating the website with the domain name, www.naturalizes.com because it is confusingly similar to www.naturalizer.com. In the letter, Citizenhawk demanded that Plaintiff discontinue use of the domain name immediately since the confusion would divert traffic to Plaintiff's website, allowing him to "capitalize on Brown Shoe's rights in the Mark." *See* Doc. No. 38-1, ex. A. On April 9, 2013, without responding to or contacting Brown Shoe, Plaintiff filed a complaint seeking declaratory judgment and damages for unfair competition under common law and California Business & Professions Code section 17200. *See* Doc. No. 1.

On August 9, 2013, Brown Shoe responded by filing a motion for summary judgment pursuant to Federal Rules of Civil Procedure[2] 56 in lieu of an answer. *See* Doc. No. 35. Plaintiff opposes the motion. *See* Doc. No. 37.

---

[2] All future rule references are to the Federal Rules of Civil Procedure, unless otherwise noted.

## II. LEGAL STANDARD

Summary judgment may be entered "against a party who fails to make a showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Summary judgment is appropriate when, reviewing the record as a whole, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex,* 477 U.S. at 323. A dispute is considered "genuine" only if a "jury applying [the substantive law's] evidentiary standard could reasonably find for either the plaintiff or the defendant." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The burden is on the moving party to demonstrate that no genuine issue of material fact exists for trial. *Id.* The court must view the evidence and all reasonable inferences in light most favorable to the nonmoving party. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). However, Rule 56(e) requires the nonmoving party to "set out specific facts showing a genuine issue for trial" and not to "rely merely on allegations or denials in its own pleading" in order to survive a motion for summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574 at 586-87 (1986). Moreover, Rule 56(c) mandates the entry of summary judgment against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial. *Celotex Corp.,* 477 U.S. at 322-23.

## III. DISCUSSION

Defendant moves for summary judgment on all of the claims asserted by Plaintiff.[3] The Court will address each of the claims in turn.

---

[3] Plaintiff's opposition brief incorrectly relies upon the legal standard for a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Plaintiff asserts that the Court must liberally construe the complaint in the light most favorable to the plaintiff and assume the truth of the facts pleaded. *See Alameda Conservation Ass'n v. State of California,* 437 F.2d 1087, 1094 (9th Cir. 1971). Although this is true under Rule 12(b)(6), that is not the case here. Brown Shoe

### 1. *Declaratory Judgment*

Defendant moves for summary judgment in its favor as to Plaintiff's claim for a declaratory judgment.  As a threshold matter, the Court must first determine whether an "actual controversy" exists between the parties.  This requirement is embodied in the Declaratory Judgment Act, 28 U.S.C. § 2201, and is identical to the "case or controversy" requirement of Article III of the U.S. Constitution.  *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.,* 655 F.2d 938, 942 (9th Cir. 1981).  When a party seeks a declaratory judgment, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007).

Defendants argue that *Gator.com Corp.* is controlling here.  *Gator.com Corp. v. L.L. Bean, Inc.,* 398 F.3d 1125, 1129 (9th Cir. 2005).  In *Gator*, the Ninth Circuit explained that declaratory relief is not available when one party releases the other party from all liability in connection with an alleged controversy.  The plaintiff was a proprietor of a software program that enabled computer-users to store personal information in a "digital wallet."  *Id.* at 1127.  L.L. Bean, Inc. operated a pop-up advertisement which would appear on Gator's website.  However, once a user clicked on the L.L. Bean website, it triggered a discount coupon for L.L. Bean's competitor to appear on the screen allowing for the competitor to benefit from the ad.  L.L. Bean then sent a cease and desist letter to Gator and in response, Gator filed a complaint seeking a declaratory judgment.  The parties reached a confidential settlement and in exchange for certain concessions, L.L. Bean renounced all claims arising from Gator's use of the pop-up advertisements.  The circuit court held that the parties' settlement agreement "wholly eviscerated the dispute that prompted

---

moves for summary judgment and is therefore entitled to judgment as a matter of law if Plaintiff fails to set out specific facts or provide documents, testimony, declarations or any other type of evidence to show there is a genuine issue of fact for trial.

Gator to initiate the suit, thus Gator's request for declaratory relief no longer gives rise to a live case or controversy." *Id.* at 1131.

Here, Plaintiff seeks a declaration stating, *inter alia*, that Plaintiff has not infringed the trademark rights of Brown Shoe. *See* Doc. No. 1 at 22-23. Brown Shoe argues that it has released Plaintiff from all liability associated with the domain name www.naturalizes.com, thus no actual case or controversy exists. Brown Shoe's email to Plaintiff, dated July 3, 2013, explicitly states, "Brown Shoe Company has no interest in the domain name www.naturalizes.com and therefore wishes to settle this litigation promptly." *See* Doc. No. 39. Similar to *Gator,* Brown Shoe released Plaintiff of all liability associated with Plaintiff's domain name, which "eviscerates the dispute" that prompted Plaintiff to bring suit in the first place. *Gator,* 398 F.3d at 1131.

Further, Brown Shoe continues to attest in its moving papers that Brown Shoe has no interest in, and has not taken any action against, Plaintiff or Plaintiff's domain name, which would rise to the level of a genuine case or controversy. Defendant relies on *Dunn Computer Corp. v. Loudclound, Inc.,* 133 F.Supp.2d 823 (E.D. Va. 2011), to support the assertion that one cease and desist letter without threat of litigation is insufficient to trigger the Declaratory Judgment Act. *See* Doc. No. 35-1 at 7. In *Dunn Computer*, the cease and desist letter sent by Dunn Computer[4] to Loudcloud expressed concerns that plaintiff's use of Steelcloud would cause customer confusion. The cease and desist letter requested Loudcloud to immediately cease and desist use of the trade name, company name, and Steelcloud logo, as well as the Internet domain name "steelcloud.com." *Id.* at 825. In closing, Dunn stated, "We look forward to your response on or before October 27, 2000, indicating your compliance with the demands of this letter." *Id.* at 825-826. The court held that "a

---

[4] Plaintiff Dunn Computer changed its name from Dunn to Steelcloud, Inc. to reflect the nature of its current business. Dunn filed with the Patent and Trademark Office an "intent-to-use" application to register the mark Steelcloud and further commenced doing business under the trade name Steelcloud. *Dunn Computer Corp. v. Loudcloud, Inc.,* 133 F.Supp.2d 823, 825 (E.D. Va. 2011).

case or controversy cannot be manufactured out of a single cease and desist letter that invites negotiation and does not threaten litigation. Such a letter, by itself, does not allow plaintiff to meet its burden of showing an objectively reasonable apprehension of imminent litigation." *Id.* at 829.

The Court finds *Dunn* instructive. Here, Brown Shoe claims that Plaintiff has not alleged facts sufficient to satisfy the "objectively reasonable apprehension of litigation" requirement and further asserts that the single cease and desist letter is insufficient to be considered a threat to sue. *Id.* Plaintiff received one letter, dated April 2, 2013, requesting Plaintiff to "Please respond with an affirmative response to this email by April 09, 2013. . . [T]he Citizenhawk domain recovery team, as agent for Brown Shoe Co., will then work with you to help facilitate the domain transfer process." *See* Doc. No. 38-1, ex. A. This cease and desist letter was not a threat to litigate, but rather an invitation to Plaintiff to respond indicating Brown Shoe's attempt to settle the matter. Although the letter states, "Brown Shoe . . . is prepared to take all appropriate legal action to protect its intellectual property rights," there is no indication of an imminent threat to litigate. *Id.*

Additionally, Plaintiff's website and products are not in competition and are not in any way related to Brown Shoe's website and products. There was no ongoing litigation between the parties, which would demonstrate a real and reasonable apprehension for Plaintiff to be sued. This points persuasively to the absence of a case or controversy since the record falls short of establishing that Plaintiff reasonably apprehended litigation for purposes of obtaining a preemptive declaratory judgment. In the instant case, Plaintiff could have responded to the initial cease and desist letter by contacting Citizenhawk in attempt to resolve the matter. Plaintiff then had the opportunity to resolve the matter after the communication with Brown Shoe on July 2, 2013, when Brown Shoe requested to settle the litigation promptly. Although *Dunn* is not binding, this Court agrees that a single letter sent to Plaintiff that invites negotiation and does not threaten litigation,

cannot create an objectively reasonable apprehension in Plaintiff of being sued for trademark infringement.

Because there is no actual dispute underlying Plaintiff's claim for declaratory relief, the Court grants summary judgment in favor of Defendant Brown Shoe as to this claim.

### 2.   *Common Law Unfair Competition and Unfair Competition Under California Business & Professions Code Section 17200*

Defendant moves for summary judgment in its favor as to Plaintiff's claims for common law unfair competition and unfair competition under California Business & Professions Code section 17200.  Plaintiff seeks to maintain an action for unfair competition on the ground that a single cease and desist letter was wrongfully sent for oppressive purposes constituting a just charge of unfair competitive activity.  However, as discussed above, Defendant has released Plaintiff of all liability arising out of Plaintiff's use of the www.naturalizes.com domain name and a single cease and desist letter does not a case or controversy make.   *Dunn Computer Corp.,* 133 F.Supp.2d at 827.

Defendant also argues that Plaintiff lacks standing to assert this claim because there is no potential for injury.  Plaintiff argues that the cease and desist letter sent on behalf of Brown Shoe, by Citizenhawk, is damaging to Plaintiff's reputation, but fails to provide any evidence of such injury.  Plaintiff further alleges that the domain name www.naturalizes.com now has a cloud on its title.  However, the website was not deactivated as a result of the cease and desist letter and Plaintiff offers no proof of injury to the domain name.

Since Brown Shoe has released Plaintiff of all liability, Plaintiff's request for declaratory relief fails.  Plaintiff's unfair competition claims similarly fail, in the absence of an actual controversy or proof of any injury in fact.  Therefore, the Court grants summary judgment in favor of Defendant Brown Shoe as to Plaintiff's unfair competition claims.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 with respect to all claims and **DISMISSES** this action in its entirety **WITH PREJUDICE**.  The Clerk of Court is instructed to enter judgment in accordance herewith and close the case.

**IT IS SO ORDERED**.

DATED:  November 19, 2013

*Michael M. Anello*

Hon. Michael M. Anello
United States District Judge